865 F.2d 255
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Paul KAPERONIS, Defendant-Appellant.
 No. 88-5539.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 7, 1988.
Decided: Nov. 28, 1988.
Rehearing and Rehearing In Banc Denied Dec. 20, 1988.
 
 Michael Smith Scofield, for appellant.
 Debra Jo Stuart, Assistant United States Attorney (Thomas J. Ashcraft, United States Attorney, on brief), for appellee.
 Before WIDENER, ERVIN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 A jury convicted James Paul Kaperonis on one count of violating 18 U.S.C. Sec. 844(i), which in part prohibits attempting to damage or destroy by fire any building used in interstate commerce.[1] The jury found that Kaperonis had attempted to procure the services of Randy Dover to burn a rental residence Kaperonis owned in Charlotte, North Carolina.[2] Finding no prejudicial error in the trial, we affirm the conviction.
 
 
 2
 Kaperonis testified at trial that he had discussed arson with Dover not to procure the crime, but as part of a plan to locate some property Kaperonis had stored with Dover's employer.
 
 
 3
 Kaperonis has argued that error occurred at several points during his trial. Kaperonis's first dispute is with the jury instructions. We conclude, contrary to Kaperonis's belief, that the instruction correctly charged the jury that it must find Kaperonis to have taken a substantial step toward commission of the crime. The instruction was also correct in not requiring the jury to find Dover guilty before passing on Kaperonis's guilt. 18 U.S.C. Sec. 844(i) makes one who attempts arson guilty as a principal, so Dover's guilt is irrelevant to whether Kaperonis intended and acted to commit arson through the agency of Dover. While we agree that the instruction should have required the jury to find several indicia of involvement in interstate commerce, we believe that the evidence of involvement in interstate commerce was sufficient to make this at worst harmless error. Scarborough v. United States, 431 U.S. 563, 571 (1977).
 
 
 4
 We believe that in light of Kaperonis's testimony that he never attempted to procure arson, there was no error in admitting the statements of persons who claimed Kaperonis had solicited them to commit arson. We also reject Kaperonis's argument that the count of the indictment on which he was convicted was duplicitous in charging two separate crimes. The indictment charged Kaperonis with the single crime of attempting to commit arson through Dover.
 
 
 5
 Kaperonis last contends that his trial counsel's failure timely to object to the instruction and the indictment constituted ineffective assistance of counsel. Because we have concluded that the district court did not err in any of these respects, we believe counsel's failure to object was not prejudicial and so reject Kaperonis's ineffective assistance claim. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 18 U.S.C. Sec. 844(i) provides that:
 Whoever ... attempts to damage or destroy, by means of fire or an explosive, any building ... used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not more than ten years or fined not more than $10,000, or both....
 
 
 [2]
 The jury acquitted Kaperonis on a count charging an attempt to procure the services of Perry Hyatt to burn the same residence